UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROBERT A. ADAMS,

    Plaintiff,

v.                                                              CASE NO. 8:14-cv-2898-T-23AEP

GREEN TREE SERVICING, LLC,

    Defendant.
_____/

**ORDER**

The defendant moves (Doc. 6) to dismiss Counts II, IV, and VI–IX and moves to strike the *pro se* plaintiff's demand for attorney's fees.  Also, the defendant moves "to dismiss Count III . . . to the extent it demands damages above $2,000."  (Doc. 6 at 1)  Prompted by an order (Doc. 9), the plaintiff responds (Doc. 11) to the defendant's motion to dismiss.

**1. Local Rule 3.01(g)**

The plaintiff's response argues that the "Defendant through their counsel failed to confer with the Plaintiff prior to filing Defendant's Motion to Dismiss and to Strike Demand for Attorneys' Fees."  (Doc. 11 at 3)  Local Rule 3.01(g) requires a "moving party [to] confer with counsel for the opposing party in a good faith effort to resolve the issues raised by the motion."  However, the rule excludes from the

requirement a motion "to dismiss for failure to state a claim."  Because the defendant moves to dismiss, Local Rule 3.01(g) requires no conference with the plaintiff.

**2. Count II**

Count II alleges that the "Defendant has demonstrated willful or knowing non-compliance" with 47 U.S.C. § 227(c)(5), Telephone Consumer Protection Act.[1] "A [Telephone Consumer Protection Act] claimant must allege that a defendant initiated a call using an [automatic telephone dialing system] . . . ." *Buslepp v. B & B Entm't*, LLC, 2012 WL 1571410, at *1 (S.D. Fla. May 3, 2012) (Cohn, J.).

The defendant argues that the "Plaintiff does not allege that Defendant used an [automatic telephone dialing system]."  (Doc. 6 at 3)  Neither the fact section in

---

[1] Count II purports to allege a claim under Section 227(b)(2)(5). (Doc. 2 at 5) The motion to dismiss asserts that Count II alleges a claim under Section 227(b)(5). (Doc. 6 at 3) The response asserts that Count II alleges a claim under Section 227(b)(5). (Doc. 11 at 3) Neither Section 227(b)(2)(5) nor Section 227(b)(5) exists. However, both Count II and the motion to dismiss mention a "12-month period." Section 227 mentions a "12-month period" only in Section 227(c)(5). This order assumes that Count II alleges, and the defendant moves to dismiss, a claim under Section 227(c)(5).

Section 227(c)(5) states:

> A person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may, if otherwise permitted by the laws or rules of court of a State bring in an appropriate court of that State—
>
> (A) an action based on a violation of the regulations prescribed under this subsection to enjoin such violation,
>
> (B) an action to recover for actual monetary loss from such a violation, or to receive up to $500 in damages for each such violation, whichever is greater, or
>
> (C) both such actions.

the complaint nor Count II alleges the defendant's use of an automatic telephone dialing system. But Count I states, "Defendant . . . us[ed] or [had] the capacity [to use] an automatic telephone dialing system to call Plaintiff's cell phone." (Doc. 2 at 4) This "factual allegation . . . plausibly suggest[s] an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009); *see also Buslepp*, 2012 WL 1571410, at *1 ("[T]he allegation that Defendant used [an automatic telephone dialing system] (or one that has the capacity to store or produce telephone numbers to be called and to dial those numbers) is a factual allegation under [*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007),] and *Iqbal*."). In the present context, Count II suffices. *See Moore's Federal Practice*, Vol. 2, § 8.04[7] (3d ed. 2014) ("Pro se pleadings are construed more liberally than are pleadings drafted by lawyers.").

**3. Count III**

Count III alleges that the defendant violated Section 559.72(9), Florida Statutes, which states, "In collecting consumer debts, no person shall . . . [c]laim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist." The complaint (Doc. 2 at 8) demands "statutory damages of $2000.00 . . . pursuant to" Section 559.77(2), which states, "Any person who fails to comply with any provision of s. 559.72 is liable for actual damages and

for additional statutory damages as the court may allow, but not exceeding $1,000, together with court costs and reasonable attorney's fees incurred by the plaintiff."

The defendant correctly argues, "For multiple violations of [Section 559.72], courts cap the statutory award at $1,000." (Doc. 6 at 7)  Section 559.77(2) "authorizes a statutory award of $1,000 **per plaintiff** in a class action — not per violation." *Tacoronte v. Tate & Kirlin Assocs.*, 2013 WL 5970720, at *2 (M.D. Fla. Nov. 8, 2013) (Dalton, J.).

**4. Count IV**

Count IV alleges that the defendant violated 15 U.S.C. § 1692d(5), which states:

> A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> . . . .
>
> (5) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

Count IV further alleges, "On or about 6-March-2014 at about 5:27 pm and 2-April-2014 at about 12:54 pm Defendant called the Plaintiff's cell phone without prior permission or for emergency purposes." (Doc. 2 at 3)  The defendant argues that Count IV "alleges nothing about the calls to suggest they were particularly annoying, abusive, or harassing." (Doc. 6 at 4)

- 4 -

"In determining liability under [Section 1692d(5)], courts have held that '[w]hether there is actionable harassment or annoyance turns not only on the volume of calls made, but also on the pattern of calls.'" *Waite v. Fin. Recovery Servs., Inc.*, 2010 WL 5209350, at *2 (M.D. Fla. Dec. 16, 2010) (Covington, J.) (quoting *Joseph v. J.J. Mac Intyre Cos., L.L.C.*, 238 F. Supp. 2d 1158, 1168 (N.D. Cal. 2002) (Chen, J.)). Count IV alleges that the defendant called the plaintiff two times, nearly a month apart. Neither the "volume of calls" nor the "pattern of calls" suggests an "actionable harassment or annoyance." Even if the complaint's factual allegations are true, the complaint fails to "plausibly suggest an entitlement to relief." *Iqbal*, 556 U.S. at 681.

**5. Counts VI**

Count VI alleges, "Defendant violated § 1692e(11) by failing to disclose in the initial communication that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose." (Doc. 2 at 7) The defendant correctly argues, "Plaintiff does not allege when the initial communication took place or if it was written or oral." (Doc. 6 at 5) More importantly, Count VI violates Rule 8(a)(2), which demands that a complaint allege "more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Twombly*, 550 U.S. at 545. Without citing any fact, Count VI recites almost verbatim Section 1692e(11), which prohibits a debt collector from "fail[ing] to disclose in the

initial . . . communication . . . that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose."

### 6. Counts VII–IX

Like Count VI, Counts VII–XI each lack factual support and recite almost verbatim the statute under which the count is alleged. Count VII alleges, "Defendant violated [15 U.S.C. § 1692e(14)] by using a business, company or organization name other than the true name of the debt collector's business, company, or organization." (Doc. 2 at 7)  Section 1692e(14) forbids "[t]he use of any business, company, or organization name other than the true name of the debt collector's business, company, or organization."

Count VIII alleges, "Defendant violated [15 U.S.C. § 1692f(1)] by attempting to collect an amount that is not expressly authorized by the agreement creating the debt." (Doc. 2 at 8)  Section 1692f(1) forbids "[t]he collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."

Finally, Count IX alleges, "Defendant violated [15 U.S.C. § 1692g] by failing to provide the consumer a 30 day validation notice after the initial communication with a consumer." (Doc. 2 at 8)  Section 1692g states:

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall . . .

- 6 -

>> send the consumer a written notice containing . . . a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector . . . .[2]

(footnote added).

### 7. Attorney's Fee

The complaint requests "fees and costs pursuant to Section 559.72(2)." (Doc. 2 at 8)  The defendant moves to strike the demand for fees "because a *pro se* litigant . . . cannot recover attorney's fees."  (Doc. 6 at 7)  The plaintiff responds, "Although the Plaintiff is proceeding pro se, the Plaintiff is not prohibited from obtaining an attorney in the future."  (Doc. 11 at 5)

"[A] *pro se* litigant who is *not* a lawyer is *not* entitled to attorney's fees." *Kay v. Ehrler*, 499 U.S. 432, 435 (1991); *but see Moore's*, Vol. 10, § 54.173[1][a] ("The principles set forth in *Kay* apply only in statutory fee cases.").  The possibility remains that the plaintiff will obtain counsel later in this action.  Thus, the defendant's argument is premature.

---

[2] In defense of Count IX, the plaintiff states, "The significant fact that needs to be alleged is that no 30 day validation notice was provided within 5 days[,] . . . and [d]iscovery will cure the question." (Doc. 11 at 4) As described above, a generic recitation of the statute is insufficient. Further, the plaintiff may not rely on future discovery to withstand dismissal. *Twombly*, 550 U.S. at 546 ("It is no answer to say that a claim just shy of plausible entitlement can be weeded out early in the discovery process . . . ."); *Moore's*, Vol. 6, § 26.02 ("[T]he discovery rules allow ultimate resolution of disputed issues to be based on full and accurate understanding of true facts. . . . [T]he ability to sue now and discover later the basis of the claim is undesirable, at least in its extreme form.").

## CONCLUSION

"Although the pleadings of pro se plaintiffs are held to less stringent standards, even pro se complaints will eventually be dismissed for Rule 8 inadequacies if the claimants fail to state a claim for relief after being afforded opportunities to amend." *Moore's*, Vol. 2, § 8.04[7]. The defendant's motion (Doc. 6) is **GRANTED IN PART**. Under Section 559.77(2), the plaintiff's request (Doc. 2 at 8) for $2,000 in statutory damages is **STRICKEN**. The request for statutory damages under Section 559.77(2) must not exceed $1,000. Further, Counts II–IV and VI–IX are **DISMISSED**. No later than **MARCH 2, 2015**, the plaintiff may amend the complaint only to correct the errors identified in this order. For each claim, the amended complaint must (1) allege facts that "plausibly suggest an entitlement to relief," (2) avoid a mere "formulaic recitation of a cause of action's elements," and (3) request only permissible damages. *Iqbal*, 556 U.S. at 681, 698.

ORDERED in Tampa, Florida, on February 18, 2015.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE